IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARRELL WILSON,

        Plaintiff,

vs.                                                                        Civ. No. 00-1786 WPJ/WWD ACE

MELLOY BROTHERS, INC.,
d/b/a MELLOY NISSAN,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Compel Defendant to Provide Answers and Produce Documents in Response to Discovery Requests [docket no. 24]. Specifically, the motion seeks an order compelling Defendant to produce answers and documents sought in Request No. 7 from Plaintiff's First Request for Production of Documents and Interrogatory No. 12 from Plaintiff's First Set of Interrogatories. Request No. 7 reads as follows, to wit:

> All documents, correspondence, e-mails, electronic data, received by or generated by Melloy in connection with any complaints (including Plaintiff's complaint) whether formal or informal, regarding Ted Pierce, Bill Bowen or Corey Wilhite, or in any investigation of any such complaint.

Defendant objected to the request with respect to any materials which might be covered by attorney-client privilege or the work product doctrine. Defendant objected to producing information which would violate the "privacy rights of persons not party to this action;" and for the reason that the request was "overbroad and unduly burdensome..."

Interrogatory No. 12 reads as follows, to wit:

> What was done to investigate Plaintiff's EEOC charge? State the name and job title of the Melloy employees who participated in responding to the Plaintiff's EEOC charge in any manner.

Defendant objected to the interrogatory insofar as it seeks information covered by the attorney-client privilege or which is attorney work product. Plaintiff contends that the underlying facts of Defendant's EEOC investigation are not protected by the work-product doctrine, and contends that the fact that the investigation was made by an attorney does not cloak all of the fruits of the investigation with the protection of the attorney-client privilege. Plaintiff goes on to argue that even if the investigation were privileged, the privilege has been waived "because Melloy has placed its investigation at issue" by raising the "supposed adequacy of its response to Plaintiff's [EEOC] complaint as a defense to liability."

DISCUSSION.

Without delving into the privilege and work product questions, I agree with Defendant that Request No. 7 is overbroad and unduly burdensome, and that it would probably impinge needlessly on the privacy rights of persons not involved in this law suit. I also find that the scope of Request No. 7 may well be beyond what is "relevant to the claim or defense of any party", the boundary set by revised Fed. R. Civ. P. 26 (b)(1). Accordingly, no further response to Request No. 7 will be ordered.

Interrogatory No. 12 contains two questions. No further answer will be required to the first question in Interrogatory No. 12; however, Defendant shall give a full and complete response to the second question in interrogatory No. 12.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE